[No. 2,584.]

# THE CALIFORNIA PACIFIC RAILROAD COMPANY *v.* L. C. FRISBIE et al.

Assessment of Damages in Taking Land for Railroad.—If Commissioners appointed to assess damages and benefits in an application to condem land for a railroad assess the cost of fencing separately from the estimate of damage to land not taken, there is no substantial error, although the directions of the statute are not technically complied with; and, in such case, the Court may enter judgment for the value of the land taken and the cost of fencing, and the excess of damages over benefits to land not taken, if there are any.

Idem.—If such Commissioners, in a case where the damages exceed the benefits to land not taken, assess the value of the land taken, and then the gross amount of damages to land not taken over the benefits to land not taken, it is a substantial compliance with the statute requiring them to ascertain and assess the damages to land not taken, and the benefits to land not taken.

Appeal from the District Court of the Seventh Judicial District, Solano County.

This was a petition filed by the plaintiff in the District Court, to condemn the land of Frisbie and some fifty others, for the track of a railroad, from the Straits of Carquinez to Sacramento.

The Commissioners, in their report to the Court, included the testimony taken before them. On the filing of the report of the Commissioners, the plaintiff's attorney excepted to the same, and filed a bill of exceptions, which was settled by the Court. The Court confirmed the report, and entered judgment. The plaintiff appealed, without moving for a new trial.

The other facts are stated in the opinion.

*Wm. S. Wells,* for Appellant.

The authority given to Commissioners is in derogation of the common law. All the requirements of the statute authorizing its exercise must be strictly pursued. (*Adams* v. *Saratoga and Washington Railroad Company,* 6 Selden, 328; *Sharp* v. *Spier,* 4 Hill, 76; *Striker* v. *Kelley,* 2 Denio, 323; *Dyckman* v. *The Mayor of New York,* 1 Selden, 439; *Central Pacific Railroad Company* v. *Pearson,* 35 Cal. 257.)

*L. C. Hays,* and *Pendegast & Stoney,* for Respondents.

Appellant's points are all confined to alleged omissions and informalities in the report, and errors in the mode of ascertaining the damages. There was no error in not making, under the head of damages, a lumping assessment of the damages proper and the cost of fences. The meaning of the statute is that the cost of fences is to be included in the sum of damages from which the benefits are to be subtracted, and not that such costs must be assessed under the name of damages. In all cases the damages and the cost of fencing, being distinct and unlike things, must be separately estimated; and when the benefits equal the damages, why go through the form of adding them before subtracting the benefits?

By the Court, Crockett, J.:

We deem it unnecessary to decide whether the exceptions of the appellant to the report of the Commissioners were made in such form that we could consider them on this appeal. But we think the exceptions to the report are purely technical, and that the appeal is devoid of merit. It is not alleged that any injustice has been done to the appellant, but only that the Commissioners have not strictly pursued the statute in the mode of stating the result at which they arrived. It

is objected, in respect to several of the respondents, that the Commissioners ascertained and assessed: First, the value of the land taken; second, the cost of the fencing which would be necessary; third, that the benefits to the land not taken were equal to the damages to the land not taken; and, in one case, that the damages exceeded the benefits two hundred dollars; whereas, the appellant contends that the cost of fencing ought to have been included in the estimate of damage to the land not taken. The Court understood the report to mean, in the cases first referred to, that the damage, exclusive of fencing, was equal to the benefits to the land not taken; and in the last case that the damage exceeded the benefits by two hundred dollars. In accordance with this view of the report, the Court entered judgment in the first class of cases for the value of the land taken and the cost of the fencing; and in the other case, in addition thereto, for two hundred dollars, being the excess of damage over benefits to the land not taken. We think the Court correctly construed the report, and entered the proper judgment. The statute, it is true, requires the Commissioners, in assessing the damage to the land not taken, to include therein, as part of the damage, the cost of necessary fencing, and to deduct from the aggregate amount of damage the benefits to the land not taken, if the former shall exceed the latter. But there is no substantial error in stating the cost of fencing separately from the other damage, as was done in this case. The result, practically, is precisely the same as if the cost of fencing had been included as part of the damage, and the benefits had been deducted therefrom. In the case of two of the respondents the Commissioners reported, first, the value of the land taken; and second, that the damage to the remainder of the tract exceeded the benefits by a specified sum; and it is claimed that they erred in not stating separately the gross amount of damages and benefits, and then subtracting the one from the other. But the stat-

ute apparently contemplates that the report need state only the results at which the Commissioners arrived, and not the details by which the result was reached. It requires them to ascertain and assess, first, the value of the land taken; second, the damages to the land not taken, including the cost of fencing; third, the benefits to the land not taken (Stats. 1867–8, p. 705); and provides that if the benefits are equal to the damages no damages shall be awarded; but if less than the damages, then damages shall be awarded only for the excess. The Commissioners in this case must of necessity have assessed the damages and benefits separately; otherwise they could not have ascertained that the former exceeded the latter by a specified sum.

The statute requires them to append to their report all the evidence, together with their rulings and the exceptions thereto, in order that the Court may be enabled to review their proceedings, and to determine whether their conclusions were justified by the facts.

In respect to damages and benefits, the only question of interest to the railroad company and to the land owner is, whether the benefits are equal to the damages; and, if not, by how much do the latter exceed the former. The Commissioners have answered this by stating the exact amount of the excess, which is a substantial compliance with the statute. If they erred in the amount, the Court, with all the evidence before it, had the means of detecting the error.

Judgment affirmed, with twenty per cent damages.

Mr. Justice TEMPLE, being disqualified, did not participate in the decision.

Mr. Justice RHODES did not express an opinion.